Andrea Selvidge (CA Bar No. 185002)
The Law Offices of Young Wooldridge, LLP
1800 30th Street, Fourth Floor
Bakersfield, California 93301
(661) 327-9661

Louis W. Diess, III
ldiess@mccarronlaw.com
McCarron & Diess
4900 Massachusetts Avenue, N.W., Suite 310
Washington, D.C.  20016
(202) 364-0400

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHIQUITA FRESH, N.A., L.L.C. | : | |
| Plaintiff | : | |
| v. | : | Civil Action No: 07CV1305 LJO DLB |
| GALLEGOS INTERNATIONAL, L.L.C., d/b/a KEYSTONE PRODUCE, et al | : | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
| v. | : | |
| Defendants | : | |

This matter is before the Court upon plaintiff's Application for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the declaration of plaintiff's representative that plaintiff is produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $91,496.90 supplied to defendants, as required by the PACA. It also clear that defendants are in severe financial jeopardy and are dissipating PACA trust assets in that defendants have tendered three checks to plaintiff in the aggregate amount of $17,659.20 in partial payment for the produce supplied by the plaintiff, which were returned by the bank due to insufficient funds.  As a result, it appears that the PACA trust assets are threatened with dissipation.  <u>Frio Ice, S.A. v. Sunfruit, Inc</u>., 918 F.2d 154 (11th Cir. 1990); <u>Taminura & Antle, Inc. v. Packed Fresh Produce, Inc</u>., 222 F.3d 132 (3rd Cir. 2000).

If notice is given to defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard.  Once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  <u>J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc</u>., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); <u>Taminura & Antle, Inc. v. Packed Fresh Produce, Inc</u>., supra.  Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicants' attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without

notice.

Therefore, it is by the United States District Court for the Central District of California,

**ORDERED, ADJUDGED AND DECREED** that defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Pandol Associates Marketing, Inc., or its subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $91,496.90 by cashiers check or certified check, at which time this Order is dissolved.

Bond shall be waived in view of the fact that defendants now hold $91,496.90 worth of plaintiff's assets.

This Temporary Restraining Order is entered this 10th day of September 2007. A hearing on plaintiff's application for preliminary injunction is set for the October 2, 2007 at 8:30 a.m. in Department 4 (LJO) of this Court.  Any opposition on the motion for preliminary injunction shall be filed and served by overnight mail on or before September 24, 2007.  Any reply shall be filed and served by overnight mail on or before September 27, 2007.  Plaintiff shall forthwith serve defendants with a copy of this Order and not later than September 17, 2007.

IT IS SO ORDERED.

**Dated:   September 10, 2007**          /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE