1
2
3
4
5
6
7
8        **IN THE UNITED STATES DISTRICT COURT**
9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   CHIQUITA FRESH, N.A., L.L.C.,                CASE NO. CV F 07-1305 LJO DLB
12               Plaintiff,          _____  **ORDER TO SHOW CAUSE WHY AN**
                                              **ORDER OF CIVIL CONTEMPT SHOULD**
13                                            **NOT BE ISSUED AGAINST DEFENDANTS**
                                              (Doc. 41)
14        vs.
15   PANDOL ASSOCIATES MARKETING,
     INC., et al.,
16
                 Defendants.
17   _____/
18
19                            **INTRODUCTION**
20        In this Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a, *et seq*., action,
21   plaintiff Chiquita Fresh, N.A., L.L.C. ("Chiquita") moves for an Order to Show Cause why an order of
22   civil contempt should not be issued against defendants Pandol Associates Marketing, Inc. and James A.
23   Pandol (collectively "Pandol"). Chiquita alleges that Pandol disobeyed the preliminary injunction and
24   judgement ("PI order") by failing to pay $13,409.36, and failing to supply Chiquita's counsel with
25   documents pertaining to Pandol's assets and liabilities. This Court considered Pandol's motion for an
26   order to show cause on the record. For the reasons discussed below, this Court grants Chiquita's motion
27   and orders Pandol to show cause why an order of civil contempt should not be issued.
28   ///

                                            1

1

**BACKGROUND**

2      Chiquita initiated this action against Pandol to enforce rights under the trust provisions of PACA.

3      Based on Chiquita and Pandol's stipulation, this Court entered its October 4, 2007 order to require

4      Pandol to pay Chiquita $91,496.90 for unpaid produce deliveries pursuant to a schedule with the last

5      payment due no later than November 2, 2007.  On November 26, 2007, after Pandol failed to make a

6      timely payment, Chiquita filed its affidavit of default to claim $29,225.13 in principal and $13,472.85

7      in attorney fees for a $42,697.98 total.  This Court entered its November 28, 2007 PI order and awarded

8      judgment of $42,697.98, including $13,472.85 for attorney fees, in Chiquita's favor and against Pandol.

9      Pandol filed a motion to amend the judgment, which was denied on January 7, 2008.

10

**DISCUSSION**

11      Failure to obey the terms of a preliminary injunction constitutes a contempt of court. *Int'l Union*

12      *v. Bagwell*, 512 U.S. 821, 828 (1994).  Federal courts have inherent and statutory authority to punish

13      such contempt and to coerce compliance with their orders.  *Id.* at 831-32; 18 U.S.C. §§401-402. "A

14      court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion,

15      such contempt of its authority...as...disobedience or resistence to its...order." 18 USC §401.

16      A plaintiff seeking a defendant's compliance with the provisions of an injunctive order may seek

17      a further order requiring the defendant to show cause why the defendant should not be held in contempt

18      and sanctioned for noncompliance.  *Int'l Union*, 512 U.S. at XXX.  To obtain the further order, the

19      plaintiff must: (1) cite provision(s) of the injunction to be enforced, (2) allege that the defendant has not

20      complied with such provision(s), and (3) ask the court, on the basis of plaintiff's representation, to order

21      the defendant to show cause why the defendant should not be adjudged in contempt and sanctioned. *In*

22      *re Grand Jury Proceedings*, 142 F.3d 1416, 1424 (11th Cir. 1998).

23       Chiquita alleges that Pandol disobeyed this Court's PI order by: (1) refusing to turn over funds

24      from the sale of produce or produce-related items to satisfy the outstanding amount due of $13,409.36;

25      (2) failing to direct the transfer of funds owed to them for any produce or produced related item to

26      Chiquita's counsel; and (3) failing to supply Chiquita's counsel with any and all documents regarding

27      the assets and liabilities of Pandol.  In the PI order, this Court ordered: (1) Pandol to turn over funds

28      "from the sale of produce or products derived from produce in their possession" to Chiquita's counsel

1    for Chiquita's distribution (PI order, 2:13-15); (2) "any and all funds owed to [Pandol] for produce or

2    produce related items, shall be paid directly to" [Chiquita's counsel] ( PI order, 2:23-26); and (3) Pandol

3    to supply Chiquita's counsel with "documents in connection with the assets and liabilities of" Pandol

4    (PI order, 2:28-3:7).  Because Chiquita identified the provisions of the injunction to be enforced, and

5    alleged that Pandol has not complied with those provisions, an order to show cause why an order of civil

6    contempt should not be issued is proper. *In re Grand Jury Proceedings*, 142 F.3d 1416, 1424 (11th Cir.

7    1998); *United States v. Montgomery*, 155 F.Supp. 633, 635 (D. Mont. 1957).

8            Chiquita requests that civil contempt sanctions, including fines and imprisonment, be imposed.

9    Civil contempt sanctions "may be imposed to compel compliance with a court order or to compensate

10   a party harmed by non-compliance." *United States v. Perry*, 16 F.3d 952, 956 (1st Cir. 1997).  Civil

11   contempt sanctions are "coercive, designed to exact compliance with a prior court order." *Id.* Civil

12   contempt sanctions are also considered to be avoidable through obedience to the Court's order. *Int'l*

13   *Union*, 512 US 821, 827.  Thus, the court must allow the contemnor to "purge" the sanction imposed

14   by complying with the injunction. *Int'l Union*, 512 U.S. 821, 828.  But, district courts have the discretion

15   to order the enjoined party to pay the costs of past noncompliance, including fees and costs associated

16   with enforcement. *John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 554 (3rd Cir. 2003).

17          Due process requires that Pandol receive proper notice and an opportunity to respond and to be

18   heard before civil contempt sanctions are imposed. *United States v. Powers*, 629 F.2d 619, 626 (9th Cir.

19   1980).  Pandol should be afforded a reasonable time to prepare a defense and has a right to a hearing.

20   *Id.; see also*, *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Oregon*, 76 F.3d 1003 (9th Cir. 1996).

21   Generally, a district court should not impose contempt sanctions solely on the basis of affidavits.

22   *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983).  A civil contempt

23   proceeding is a trial within the meaning of Fed. R. Civ. P. 43(a) rather than a hearing on a motion."[1] *Id*.

24   However, where the affidavits offered in support of a finding of contempt are uncontroverted, a district

25   court need not hold an evidentiary hearing.  *Peterson v. Highland Music*, 140 F.3d 1313, 1324 (1998).

26   "A trial court may in a contempt proceeding narrow the issues by requiring that affidavits on file be

27

28          [1]The rule governing evidence on a motion, former Fed. R. Civ. P. 43(e), is now Fed. R. Civ. P. 43(c). Fed. R. Civ.
     P. 43(a) requires "testimony [to] be taken in open court unless" exempted by rule or statute.

                                                     3

1   controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted

2   affidavits." *Id.* The opportunity to fully brief the evidentiary issues satisfies due process requirements.

3   *Pacific Harbor Capital v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

4                                    **<u>CONCLUSION AND ORDER</u>**

5          For the reasons and considerations discussed above, this Court:

6      1.    GRANTS Chiquita's motion for an order to show cause (Doc. 41);

7      2.    **ORDERS Pandol, no later than, February 8, 2008, to show cause in writing why an**

8            **order for civil contempt should not be issued against Defendants Pandol Associates**

9            **Marketing, Inc. and James A Pandol for willfully failing to abide by the November**

10           **28, 2007 Preliminary Injunction and Order (Doc.36), for their failure to:**

11           a.    Provide copies of all documents in connection with the assets and liabilities of

12                 Pandol and its related and subsidiary companies, including, but not limited to, the

13                 most recent balance sheets, profit/loss statements, accounts receivable reports,

14                 accounts payable reports, accounts paid records and income tax returns;

15           b.    Turn over any and all funds realized from the sale of produce or products derived

16                 from produce to Chiquita's counsel; and

17           c.    Direct all funds owed to Pandol for produce and produce related items shall be

18                 paid directly to Chiquita's counsel.

19     3.    ADMONISHES Pandol that failure to respond may result in a finding that Chiquita's

20           averments are uncontested as a matter of law;

21     4.    DIRECTS the clerk of court to serve a copy of this order electronically on Defendants'

22           counsel;

23     5.    ORDERS counsel for Chiquita to serve a copy of the Motion to Show Cause (Doc. 41)

24           and a copy of this Order to Show Cause, via expedited mail service, to counsel for

25           Pandol no later than February 5, 2008;

26     6.    **ORDERS Chiquita, no later than February 13, 2008, to file and serve a response**;

27           and

28     7.    **ORDERS the parties, no later than February 15, 2008 at 2 p.m., to file and serve a**

                                                4

1   **declaration indicating whether they request this Court to conduct a hearing on this**

2   **matter, and, if so, what the parameters of that hearing will be.[2]**

3

4   IT IS SO ORDERED.

5   **Dated:    February 4, 2008**                    /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [2]*See Pennwalt Corp. v. Durand-Wayland, In*c., 708 F.2d 492 (Unless waived, live testimony must be taken or an opportunity afforded to cross-examine the declarants); *Peterson v. Highland Music Inc*., 140 F.3d 1313, 1324 (When the affidavits offered in support of a finding of contempt are uncontroverted, an evidentiary hearing is not essential to due process.)

28

5